# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEXCOM, INC., | ) |
|                          Plaintiff, | ) |
| v. | ) C.A. No. _____ |
| AGAMATRIX, INC., | ) **JURY TRIAL DEMANDED** |
|                          Defendant. | ) |

## COMPLAINT

Plaintiff Dexcom, Inc. ("Dexcom"), by and through its undersigned counsel, hereby files the following Complaint for patent infringement against Defendant AgaMatrix, Inc. ("AgaMatrix" or "Defendant"), and alleges as follows:

## NATURE OF CLAIMS

1. This is an action for patent infringement of Dexcom's U.S. Patent No. 9,724,045 ("the '045 patent") and U.S. Patent No. 9,750,460 ("the '460 patent") (collectively, "the Infringed Patents"). Dexcom asserts the '045 patent and '460 patent against Defendant for unauthorized making, using, offering to sell, selling and/or importing various blood glucose monitoring systems and associated test strips, including, but not limited to products commercialized under the names "AgaMatrix Presto Advanced Blood Glucose Monitoring System," "AgaMatrix Presto Pro Advanced Blood Glucose Monitoring System," "AgaMatrix Jazz Wireless 2 Blood Glucose Monitoring System," "AgaMatrix Amp Advanced Blood Glucose Monitoring System," "Kroger Premium Blood Glucose Monitoring System," "Kroger Blood Glucose Monitoring System," "CVS Health Advanced Glucose Meter," and test strips corresponding to each system (collectively, "the Accused Products").

## THE PARTIES

2. Dexcom is a corporation organized under the laws of Delaware, having its principal place of business at 6340 Sequence Drive, San Diego, California.

3. Upon information and belief, AgaMatrix is a corporation organized under the laws of Delaware, having its principal place of business at 7C Raymond Avenue, Salem, New Hampshire 03079. AgaMatrix has appointed Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over AgaMatrix because AgaMatrix is a Delaware corporation with a registered office in Delaware, AgaMatrix has designated an agent in Delaware for service of process, and/or AgaMatrix has been conducting and/or is presently conducting business in the District of Delaware on a regular basis.

6. In addition, this Court has personal jurisdiction over Defendant because Defendant has knowingly and actively engaged in acts that have infringed and will infringe and/or aid and abet the direct and or indirect infringement of claims of the Infringed Patents in the District of Delaware.

7. Venue is proper in this district under 35 U.S.C. §§ 1391 and 1400(b) because AgaMatrix is a resident of and incorporated in the state of Delaware.

## FACTUAL BACKGROUND

8. On August 8, 2017, the United States Patent and Trademark Office duly and legally issued the '045 patent, entitled, "Systems and Methods for Replacing Signal Artifacts in a

Glucose Sensor Data Stream." A copy of the '045 patent is attached hereto as Exhibit A. The '045 patent is assigned to Dexcom.

9. Dexcom owns all right, title, and interest in the '045 patent, including the right to use and enforce the '045 patent.

10. On September 5, 2017, the United States Patent and Trademark Office duly and legally issued the '460 patent, entitled, "Systems and Methods for Replacing Signal Artifacts in a Glucose Sensor Data Stream." A copy of the '460 patent is attached hereto as Exhibit B. The '460 patent is assigned to Dexcom.

11. Dexcom owns all right, title, and interest in the '460 patent, including the right to use and enforce the '460 patent.

12. Since its inception in 1999, Dexcom has been a leader in developing more accurate and robust glucose monitoring technologies designed to improve the care of diabetic patients. Dexcom has spent heavily in research and development in the field of improving electrochemical glucose monitoring systems resulting in the issuance and ownership of approximately 400 U.S. patents, including the Infringed Patents. Dexcom has pioneered continuous glucose sensors that can be used to monitor a diabetic patient's glucose levels and provide a glucose measurement reading every five minutes. Dexcom has been transforming diabetes care by providing groundbreaking continuous glucose monitoring ("CGM") technology to help patients and healthcare professionals better manage diabetes. Dexcom currently sells the Dexcom G4 Platinum CGM System and the Dexcom G5 Mobile CGM System ("the Dexcom Systems").

13. As an innovation in the CGM industry and the glucose monitoring system industry more generally, the Dexcom G5 Mobile CGM System is the first and only CGM system

approved by the FDA as a replacement for finger stick testing for diabetes treatment decisions. Recognized for its superior systems, particularly with regard to superior sensor accuracy, the Dexcom G5 Mobile CGM System is the only therapeutic CGM system covered by Medicare and Medicaid. The Dexcom G5 Mobile CGM System has a groundbreaking user interface technology to allow data to be transmitted directly to a user's smart device (such as an iPhone, Android-based phone, or smart watch) every five minutes to display historical trends of glucose levels as well as the instantaneous rate and direction of glucose changes to improve a patient's ability to manage his or her diabetes.

14. The Dexcom Systems are marked with the Infringed Patents in compliance with 35 U.S.C. § 287.

15. Many of the inventions included in Dexcom's patent portfolio are also applicable to traditional blood glucose monitors ("BGM") utilizing single use finger stick methods for drawing and testing blood. These Dexcom inventions can be used to improve the accuracy of such BGM meters, such as the Accused Products. For example, correcting for errors caused by environmental, sampling, or manufacturing factors to improve the reliability and accuracy of device sampling of glucose measurements is desirable in BGM technology.

16. AgaMatrix is in the business of manufacture, distribution, and sales of electrochemical glucose monitors, including the Accused Products. AgaMatrix offers to sell, sells and/or imports various electrochemical glucose monitoring systems, including the Accused Products. AgaMatrix, either directly or through intermediaries (including importers, distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises these products within the United States and in the District of Delaware. AgaMatrix has purposefully and voluntarily placed the Accused Products into the stream of commerce with the expectation that they will be

purchased and used by consumers in the District of Delaware. The Accused Products have been sold and continue to be sold in the District of Delaware.

17. AgaMatrix committed and continues to commit acts of patent infringement within the United States and in the District of Delaware.

### COUNT I: DIRECT INFRINGEMENT OF THE '045 PATENT

18. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

19. Defendant, in violation of 35 U.S.C. § 271(a), has infringed and continues to infringe at least claim 16 of the '045 patent by making, using, offering to sell, selling and/or importing various electrochemical glucose monitoring systems, including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit C.

20. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

21. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

22. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

### COUNT II: INDUCED INFRINGEMENT OF THE '045 PATENT

23. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

24. Defendant has knowledge of the '045 patent, at least by the filing and service of this Complaint.

25. Defendant also has knowledge of the '045 patent by virtue of Dexcom's compliance with 35 U.S.C. § 287.

26. Defendant, in violation of 35 U.S.C. § 271(b), has infringed and continues to infringe at least claim 16 of the '045 patent by actively inducing others to make, use, offer for sell, sell and/or import electrochemical glucose monitoring systems including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit C.

27. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

28. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

29. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

**COUNT III: CONTRIBUTORY INFRINGEMENT OF THE '045 PATENT**

30. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

31. Defendant has knowledge of the '045 patent, at least by the filing and service of this Complaint.

32. Defendant also has knowledge of the '045 patent by virtue of Dexcom's compliance with 35 U.S.C. § 287.

33. Defendant, in violation of 35 U.S.C. § 271(c), has infringed and continues to infringe at least claim 16 of the '045 patent by making, using, offering to sell, selling and/or importing various components of electrochemical glucose monitoring systems, which constitute a material part of the patented invention, are not staple articles, and are not suitable for a substantial non-infringing use, including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit C.

34. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

35. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

36. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

### COUNT IV: DIRECT INFRINGEMENT OF THE '460 PATENT

37. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

38. Defendant, in violation of 35 U.S.C. § 271(a), has infringed and continues to infringe at least claim 14 of the '460 patent by making, using, offering to sell, selling and/or importing various electrochemical glucose monitoring systems, including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit D.

39. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

40. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

41. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

### COUNT V: INDUCED INFRINGEMENT OF THE '460 PATENT

42. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

43. Defendant has knowledge of the '460 patent, at least by the filing and service of this Complaint.

44. Defendant also has knowledge of the '460 patent by virtue of Dexcom's compliance with 35 U.S.C. § 287.

45. Defendant, in violation of 35 U.S.C. § 271(b), has infringed and continues to infringe at least claim 14 of the '460 patent by actively inducing others to make, use, offer for sell, sell and/or import electrochemical glucose monitoring systems including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit D.

46. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

47. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

48. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

### COUNT VI: CONTRIBUTORY INFRINGEMENT OF THE '460 PATENT

49. Dexcom restates and realleges the foregoing allegations as if fully stated herein.

50. Defendant has knowledge of the '460 patent, at least by the filing and service of this Complaint.

51. Defendant also has knowledge of the '460 patent by virtue of Dexcom's compliance with 35 U.S.C. § 287.

52. Defendant, in violation of 35 U.S.C. § 271(c), has infringed and continues to infringe at least claim 14 of the '460 patent by making, using, offering to sell, selling and/or importing various components of electrochemical glucose monitoring systems, which constitute a material part of the patented invention, are not staple articles, and are not suitable for a

substantial non-infringing use, including, but not limited to, the Accused Products as shown, for example, in the infringement chart attached hereto as Exhibit D.

53. Dexcom, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement.

54. Dexcom has been, and continues to be, damaged and irreparably harmed by Defendant's infringement, which will continue unless this Court enjoins Defendant.

55. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Dexcom to recover treble damages and attorneys' fees.

## DEMAND FOR JURY TRIAL

56. Dexcom demands a trial by jury under Federal Rules of Civil Procedure 38 and 39 for all issues triable by jury.

## PRAYER FOR RELIEF

57. Dexcom prays for judgment in its favor and against Defendant as follows:

(a) That Defendant has infringed one or more claims of each of the Infringed Patents;

(b) That this case be declared an exceptional case under 35 U.S.C. § 285;

(c) That Dexcom be awarded damages adequate to compensate Dexcom for Defendant's infringement of each of the Infringed Patents, including lost profits, but in no event less than a reasonable royalty;

(d) That Dexcom's damages be trebled;

(e) That Dexcom be awarded its attorneys' fees and costs;

(f) That this Court enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with it from further infringement of each of the Infringed Patents;

(g) That Dexcom be awarded pre- and post-judgment interest on all damages;

(h) That Dexcom be awarded all its costs and expenses in this action; and

(i) Such further and other relief as the Court may deem just and proper.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Kirk R. Ruthenberg
Shailendra K. Maheshwari
Nicholas H. Jackson
DENTONS US LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 408-6400
kirk.ruthenberg@dentons.com
shailendra.maheshwari@dentons.com
nicholas.jackson@dentons.com

/s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com

*Counsel for Plaintiff Dexcom, Inc.*

Dated:  September 15, 2017